IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JACKSON RUBEN VITAL | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv106 |
| DIR.. FED. BUREAU OF PRISONS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jackson Ruben Vital, an inmate confined within the Bureau of Prisons, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971), against the Director of the Bureau of Prisons, the warden of the United States Penitentiary at Beaumont, Texas, an unidentified captain at the Penitentiary, Lieutenant C. Matt, the Director of Health Services for the Bureau of Prisons, and certain John Doe defendants. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

This Report and Recommendation considers all of the claims asserted by plaintiff other than the claim that the John Doe defendants were deliberately indifferent to his serious medical needs.

Factual Allegations

Plaintiff alleges that on September 30, 2021, he was taken to defendant Matt's office. Defendant Matt asked him about injuries another inmate had suffered and implied plaintiff had stabbed the other inmate. Plaintiff states he vehemently denied causing any injuries and told defendant Matt he had urged the other inmate to seek treatment for the injuries.

Plaintiff asserts he and defendant Matt have a history of "disagreements," going back to when several books of stamps had been confiscated from plaintiff. He states defendant Matt stated he was hearing plaintiff's name too often and threatened to "get" plaintiff. Plaintiff alleges that since that time, defendant Matt has constantly harassed him.

Plaintiff states that after he denied being responsible for the injuries suffered by the other inmate, defendant Matt took several pictures of plaintiff before escorting him to the medical department to be checked for injuries. He alleges a medical examination revealed he had not suffered any injuries.

At that point, defendant Matt began whispering to the John Doe defendants. Plaintiff states that when he again denied causing any injuries, one of the John Doe defendants stated plaintiff had caused the injuries. The John Doe defendants then took plaintiff to what appeared to be a storage room. Plaintiff states he lost his temper and yelled at the John Doe defendants to stop harassing him. He states he then found himself on the floor, being punched and kicked while he was in handcuffs. He was then taken to the Special Housing Unit and left without receiving any medical treatment. Plaintiff contends he was assaulted in retaliation for telling the John Doe defendants to stop harassing him.

Plaintiff states that for several months, he filed requests for medical treatment and grievances. However, he never received any responses. Plaintiff states he was subsequently denied due process of law in connection with a disciplinary charge written by defendant Matt.

<u>Standard of Review</u>

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "[nudge] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. All. Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

*Claims of Excessive Force, Retaliation and Denial of Due Process*

Plaintiff's allegations assert, *inter alia*, claims of excessive use of force, retaliation and denial of due process. For the reasons set forth below, these claims may not be pursued in a *Bivens* action.

    A. "Disfavored Judicial Activity"

The Supreme Court recently restated that expanding causes of action under *Bivens* is "a 'disfavored' judicial activity." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). Separation-of-powers principles are central to the analysis of whether *Bivens* should be expanded. The question is whether Congress or the courts should authorize a damages lawsuit. *Abbasi*, 137 S. Ct. at 1857. Mindful of separation-of-powers interests, the Court developed a two-part test. *Id*. at 1859-60. First, a court must ask whether a plaintiff's claim falls into one of three existing *Bivens* causes of action. *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir 2020). Then, if a case does not fall into one of those causes of action, a court asks whether there are "special factors counseling hesitation" in extending the remedy available under *Bivens*. *Abbasi*, 137 S. Ct. at 1857. The special factors inquiry concentrates on "whether the Judiciary is well suited,

absent congressional action or instruction, to consider and weigh the benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1858. These factors include whether Congress has legislated on the right at issue. *Id*. "[I]f there is an alternative remedy structure present in a certain case," the existence of that process "alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Id*. Courts are to also consider separation-of-powers concerns. *Hernandez v. Mesa*, 885 F.3d 811, 818 (5th Cir. 2018) (*en banc*). "[T]he only relevant threshold–that a factor counsels hesitation–is remarkably low." *Id*. at 823.

The three existing *Bivens* causes of action are as follows:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90, 91 S. Ct. at 1999; discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman,* [442 U.S. 228 (1979)]; and (3) failure to provide medical attention to an asthmatic person in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, [446 U.S. 14 (1980)].

*Oliva*, 973 F.3d at 442. "Virtually everything else is a 'new context,'" *Id*. (quoting *Abbasi*, 137 S. Ct. at 1865), because the case needs only be "different in [one] meaningful way from previous *Bivens* cases" for the "context [to be] new." *Abbasi*, 137 S. Ct. at 1859. "[E]ven a modest extension [of *Bivens*] is still an extension." *Abbasi*, 137 S. Ct. at 1864.

B. Retaliation

Plaintiff asserts a claim of retaliation. This claim arises under the First Amendment to the Constitution. The United States Court of Appeals for the Fifth Circuit has declined to extend the *Bivens* remedy to First Amendment retaliation claims. *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021). Concluding that a retaliation claim is "nothing like the *Bivens* trilogy," the court held that First Amendment retaliation claims are a new *Bivens* context. *Id*. at 685.

In addition, the court found there were special factors counseling hesitation. The court, noting that the Prison Litigation Reform Act ("PLRA") did not provide a "standalone damages remedy against federal jailers," *Abbasi,* 137 S. Ct. at 1865, found that Congress should decide whether the *Bivens* remedy should be extended to retaliation claims. *Watkins*, 998 F.3d at 685. The

4

court stated that "out of respect for Congress and the longstanding principle of separation-of-powers," it could not extend the *Bivens* remedy in this manner. *Watkins*, 998 F.3d at 685.[1]

*Watkins* provides that a First Amendment claim of retaliation may not be brought pursuant to *Bivens*. As plaintiff relies on *Bivens* for his retaliation claim, his claim is not cognizable in this proceeding and therefore fails to state a claim upon which relief may be granted.

C. <u>Excessive Use of Force</u>

Plaintiff also alleges excessive force was used against him, a claim that arises under the Eighth Amendment. The Fifth Circuit has also declined to extend the *Bivens* remedy to an Eighth Amendment excessive use of force claim. *Watkins v. Martinez*, No. 20-40781, 2022 WL 278376, at *1 (5th Cir. 2022). The court first concluded this claim was a new *Bivens* context. *Id*. In addition, the court stated the alternative methods of relief provided by the Federal Tort Claims Act ("FTCA") and the Administrative Remedy Program of the Bureau of Prisons were special factors counseling hesitation. *Id*.

An Eighth Amendment claim of excessive use of force may not be brought pursuant to *Bivens*. As a result, Plaintiff has failed to state a claim upon which relief may be granted.

D. <u>Denial of Due Process</u>

Plaintiff also alleges he was denied due process of law in connection with a disciplinary proceeding, a claim arising under the Fifth Amendment. A claim that an inmate was denied due process of law in connection with a disciplinary proceeding presents a new *Bivens* context. *Johnson v. Ramos*, No. 1:18cv152, 2021 WL 3163846, at *3 (N.D. Tex. July 27, 2021); *King v. Chatters*, No. 2:20cv160, 2020 WL 5836897, at *3 (E.D. Ark. Sept. 9, 2020); *Tolbert v. Nash*, No. 3:18cv128, 2020 WL 5415739, at *4 (S.D. Miss. Apr. 29, 2020); *Chambers v. Herrera*, No. 5:17cv2564, 2019 WL 4391135 (C.D. Cal. July 9, 2019). The claim is different in a meaningful way from the claims recognized in *Bivens*, *Davis* and *Carlson*. Specifically, this Fifth Amendment claim, which involves

---

[1] The court noted that in *Bush v. Lucas*, 462 U.S. 367, 368 (1983), the Supreme Court rejected a First Amendment retaliation claim brought by federal employees. *Watkins*, 998 F.3d at 686.

a due process claim by a prisoner, is a different context from the Fifth Amendment claim recognized in *Carlson*, which involved an equal protection claim based on discrimination on the basis of sex in the federal workplace. *Johnson*, 2021 WL 3163846, at *3; *Ioane v. Merlak*, 1:19cv1585, 2020 WL 6060879, *5 (E.D. Cal. October 14, 2020). A claim may arise in a new context even if it based on the same constitutional provision as a case in which a damages remedy has previously been recognized. *Hernandez*, 140 S. Ct. at 743.

In addition, there are special factors counseling hesitation. As previously stated, the FTCA provides an alternative method of relief. Further, the PLRA counsels hesitation as Congress, when it had the opportunity to do so, failed to provide for a damages remedy against federal employees who violate the due process rights of prisoners.

As stated above, if any special factor exists, a court must refrain from expanding *Bivens*. Here, more than one factor exists. As a result, special factors counseling hesitation prevent the expansion of the remedy available under *Bivens* to denial of due process claims. This claim should therefore be dismissed.

*Claims Against Supervisory Defendants*

In his complaint, plaintiff indicates he named the Director of the BOP, an unidentified warden, an unidentified captain and the director of the health services division of the BOP (collectively, the "Supervisory Defendants") as defendants because they hold supervisory positions with respect to defendant Matt and the John Doe defendants.

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In a civil rights case, supervisory officials are not liable for the actions of their subordinates on any vicarious liability theory. A supervisor may be held liable only if he is personally involved in the constitutional deprivation or if there is a sufficient causal connection between the supervisory's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the

supervisor would have to implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Id*. at 304.

Plaintiff does not allege the Supervisory Defendants were personally involved in the events that form the basis of his complaint. Further, plaintiff does not allege his constitutional rights were violated as a result of a constitutionally defective policy implemented by the Supervisory Defendants. The claims against the Supervisory Defendants should therefore be dismissed.

*Grievance Procedure*

Plaintiff also alleges his rights were violated because the grievance process of the BOP was not available to him. He states that while he made multiple attempts to obtain the required forms, the forms were never provided to him.

Prison inmates do not have a constitutionally protected right of access to a grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established"); *Buckley v. Barlow,* 977 F.2d 494, 495 (8th Cir. 1993) (holding a grievance procedure does not confer substantive rights on inmates and thus does not give rise to a protected liberty interest); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (concluding regulations providing for administrative remedy procedures do not create a liberty interest in access to the procedure). As a result, plaintiff's allegations regarding being denied access to the grievance procedure fail to state a claim upon which relief may be granted.

## Recommendation

This *Bivens* lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge